UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS
SPRINGFIELD DIVISION

| | |
|---|---|
| JESUS HERNANDEZ,            ) | |
|     Plaintiff,              ) | |
|                             ) | |
| v.                          ) | Case No. 3:21-cv-03237-SEM |
|                             ) | |
| ADAM EVANS et al.,          ) | |
|     Defendants.             ) | |

## SUMMARY JUDGMENT ORDER

**SUE E. MYERSCOUGH, United States District Judge:**

Defendants Adam Evans and Nicholas Reeder move for summary judgment, claiming that Plaintiff did not exhaust his administrative remedies before filing his lawsuit [25]. Plaintiff has responded [29] and later filed motions for status [30, 31]. Defendants have also filed a motion to stay [32] proceedings until the Court enters a ruling on their affirmative defense.

The Court denies Defendants' motion for summary judgment, which moots the parties' motions for status and to stay.

### I. BACKGROUND

Plaintiff *pro se* Jesus Hernandez is incarcerated at Centralia Correctional Center. In November 2021, Plaintiff filed suit [1] under

42 U.S.C. § 1983, alleging constitutional violations that occurred during his imprisonment at Graham Correctional Center ("Graham"). After screening Plaintiff's complaint, the Court determined that Plaintiff stated Eighth Amendment conditions of confinement claims against Defendants. (ECF 8: p. 6, ¶ 3.)

## II. SUMMARY JUDGMENT

"The court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). "A dispute is 'genuine' if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Zaya v. Sood*, 836 F.3d 800, 804 (7th Cir. 2016) (quoting *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986)). The moving party has the burden of providing documentary evidence to show the absence of a genuine issue of material fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 324 (1986). "If the moving party has properly supported his motion, the burden shifts to the non-moving party to come forward with specific facts showing that there is a genuine issue for trial." *Spierer v. Rossman*, 798 F.3d 502, 507 (7th Cir. 2015).

A party opposing a supported motion for summary judgment must cite parts of the record or show that the materials cited do not demonstrate the absence of a genuine dispute. *Melton v. Tippeconoe County,* 838 F.3d 814, 818 (7th Cir. 2016). All facts must be construed in the light most favorable to the non-moving party, and all reasonable inferences must be drawn in his favor. *Ogden v. Atterholt,* 606 F.3d 355, 358 (7th Cir. 2010). "Only disputes over facts that might affect the outcome of the suit under the governing law will properly preclude the entry of summary judgment." *Anderson,* 477 U.S. at 248. A scintilla of evidence supporting the nonmovant's position is insufficient to defeat a motion for summary judgment; "there must be evidence on which the jury could reasonably find for the [non-movant]." *Id.* at 252.

### III. THE ILLINOIS ADMINISTRATIVE CODE

Because Defendants base their dispositive motion on Plaintiff's alleged failure to exhaust his administrative remedies, that procedure is summarized as follows.

The Illinois Administrative Code outlines the process for resolving inmate grievances within the Illinois Department of Corrections ("IDOC"). *See* 20 Ill. Admin. Code § 504.800 et seq.

(2017), promulgated in 41 Ill. Reg. 3908-14 (Mar. 31, 2017), effective April 1, 2017.

An inmate begins the administrative process by filing a written grievance addressed to the prison counselor. *Id.* § 504.810(a). Except for "[g]rievances related to allegations of sexual abuse," all grievances must be initiated within sixty days "after the discovery of the incident, occurrence, or problem that gives rise to the grievance." *Id.* If an inmate believes his issue is still unresolved after receiving the counselor's response, he can submit the grievance to the grievance officer. "The grievance officer shall consider the grievance and report his or her findings and recommendation in writing to the Chief Administrative Officer [(CAO)] within two months after receipt." *Id.* § 504.830(e). The CAO is typically the warden of the facility.

The CAO then reviews the grievance officer's findings and recommendations and decides the grievance. *Id.* The inmate may appeal the CAO's decision to the IDOC Director ("Director"). *Id.* § 504.850. The Administrative Review Board, which acts as the Director's designee, reviews the inmate's appeal and submits

findings and recommendations to the Director, who makes a final determination. *Id.*

## IV. MATERIAL FACTS

Plaintiff's October 5, 2021, complaint alleges Defendants Evans and Reeder violated his constitutional rights in December 2020, by exposing him to COVID-19. (1: pp. 4-6.) Plaintiff documented in his pleading that (1) a grievance procedure was available at Graham, (2) he did not file a grievance about the facts alleged in his complaint, and (3) the grievance process was not complete. (*Id.* p. 2.) As to the incomplete grievance process, Plaintiff added, "Global pandemic not living condition." (*Id.*)

## V. ANALYSIS

### A. Exhaustion of Administrative Remedies Standard

Section 1997e(a) of the Prison Litigation Reform Act ("PLRA") provides the following guidance about administrative remedies:

> No action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted.

42 U.S.C. § 1997e(a). "[T]he PLRA's exhaustion requirement applies to all inmate suits about prison life …." *Porter v. Nussle*, 534 U.S. 516, 532 (2002).

"Exhaustion of administrative remedies serves two main purposes." *Woodford v. Ngo*, 548 U.S. 81, 89 (2006). First, it provides an agency the "opportunity to correct its own mistakes with respect to the programs it administers before it is haled into federal court and it discourages disregard of the agency's procedures." *Id.* Second, "exhaustion promotes efficiency" because claims can generally "be resolved much more quickly and economically in proceedings before an agency than in litigation in federal court." *Id.*

The Seventh Circuit has taken a strict compliance approach to exhaustion, which requires a prisoner to pursue all available administrative remedies and follow the prison's procedural rules and deadlines. *Pozo v. McCaughtry*, 286 F.3d 1022, 1025 (7th Cir. 2002). "To exhaust remedies, a prisoner must file complaints and appeals in the place, and at the time, the prison's administrative rules require." *Id.* If an inmate does not follow the grievance procedure rules, her claims will not be exhausted but instead

forfeited, and he will be barred from filing suit in federal Court even if administrative remedies are for practical purposes not available due to his procedural default. *Id.* "Proper exhaustion demands compliance with an agency's deadlines and other critical procedural rules because no adjudicative system can function without imposing some orderly structure on the course of its proceedings." *Woodford*, 548 U.S. at 90-91.

### B. Defendants' Affirmative Defense

Defendants Evans and Reeder contend that Plaintiff did not exhaust his administrative remedies based on Plaintiff's earlier mentioned admissions in his complaint. However, Plaintiff does not have to plead around an affirmative defense in his pleading. *See Davis v. Indiana State Police*, 541 F.3d 760, 763 (7th Cir. 2008) (holding that "complaints need not anticipate, and attempt to plead around, potential affirmative defenses").

To grant Defendants' summary judgment motion based on the facts in Plaintiff's pleading, Plaintiff would have to admit all the elements of Defendants' affirmative defense decisively. *See Khan v. U.S.*, 808 F.3d 1169, 1172 (7th Cir. 2015) ("[T]he district court can

dismiss a complaint as untimely if the plaintiff has admitted all the elements of the affirmative defense.").

Plaintiff states that his general comment regarding "[g]lobal pandemic not living condition" was a summary of the response he received from Defendant Evans and Reeder when Plaintiff asked them for a grievance form. (29-1: p. 4.) Plaintiff explains that when he asked Defendants to provide him a grievance form during the COVID-19 lockdown, they responded, "this is a global pandemic[. W]e do not have any grievances." (29-1: p. 5.) Defendants have not addressed Plaintiff's assertion.

Furthermore, the Court notes that Defendants' mention grievances Plaintiff filed on December 28, 2021, January 9, 2022, and January 31, 2022, on issues they claim are unrelated to his COVID-19 allegations against Defendants. However, besides mentioning these grievances, Defendants neither append them to their motion nor argue their significance. Without more, Plaintiff's later submission of grievances on unrelated issues does not show the absence of a genuine dispute that would entitle Defendants to summary judgment for Plaintiff's failure to exhaust his administrative remedies on his conditions of confinement claims.

Accordingly, because the Court concludes that Defendants Evans and Reeder have failed to satisfy their burden of persuasion on their affirmative defense, the Court denies their motion for summary judgment. *See Hernandez v. Dart*, 814 F.3d 836, 840 (7th Cir. 2016) (Failure to exhaust is an affirmative defense for which the defendants carry the burden of proof.)

The entry of the Court's Order moots the parties remaining motions for status and stay. The Court amends its Scheduling Order as follows: discovery closes on August 6, 2023, and dispositive motions are due on September 6, 2023.

**IT IS THEREFORE ORDERED:**

1) **The Court DENIES Defendants' motion for summary judgment on the issue of exhaustion [25] for the reasons stated in the Court's Order.**

2) **The Court's order renders MOOT, Plaintiff's motions for status [30], [31], and Defendants' motion to stay discovery [32].**

3) **The Court amends its Scheduling Order as follows: discovery closes on August 6, 2023, and dispositive motions are due on September 6, 2023.**

Entered March 20, 2023.

s/ *Sue E. Myerscough*
_____
**SUE E. MYERSCOUGH
UNITED STATES DISTRICT JUDGE**
